UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G. Thomas Ruff,
    Plaintiff,
v.

Bakery, Confectionery, Tobacco
Workers & Grain Millers & Industry
International, et al.,
    Defendants.

Civil Action 2:14-cv-593
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 41) to the Magistrate Judge's recommendation that Plaintiff's Amended Motion to Remand be denied and Plaintiff's Motion for Reconsideration and Clarification (ECF No. 37) of the Magistrate Judge's Order denying Plaintiff's Motion to Compel. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection and **DENIES** Plaintiff's Motion.

### I. BACKGROUND

On May 26, 2014, Plaintiff filed his Complaint in the Court of Common Pleas for Franklin County, Ohio. He alleged various claims, including that his former local and international Union "misrepresent[ed] material terms and provisions of the 2004 collective bargaining [agreement]," and that Defendants violated their fiduciary duties to him. (Compl ¶¶ 49-50; ECF No. 2.)

On June 19, 2014, Defendant Bakers Union Local #57 filed a Notice of Removal of the instant action, asserting that this Court has original subject matter jurisdiction over Plaintiff's claims under Section 301 of the Labor-Management Relations Act of 1947. (Notice; ECF No. 1.) Local # 57 included in that notice a statement that the other defendants "International

1

Pension Fund by and through their counsel, Julia Penny Clark," and "International Union by and through their counsel, Jeffrey Freund . . . consent[] to the removal." (Notice at 3.)

On July 14, 2014, Plaintiff filed an Amended Motion to Remand this case to state court, arguing, *inter alia*, Defendant Local #57 failed to properly join all duly served defendants. On July 17, 2014, co-defendants International Union and International Pension Fund filed a Notice of Consent to removal. (ECF No. 26.) The Magistrate Judge concluded that Defendant Local #57's removal was proper, and recommended that Plaintiff's Amended Motion to Remand be denied.

On August 25, 2014, Plaintiff moved this Court for an order to compel the production of certain documents, to permit an adverse inference against Defendants for allegedly withholding these documents, and to deny and strike Defendants' motion to dismiss. (ECF No. 35.) Because the Magistrate Judge previously instructed the parties to refrain from conducting discovery, she held that "Defendants have not wrongfully withheld their responses to Plaintiff's discovery requests." (ECF No. 36.) Therefore, the Magistrate Judge denied Plaintiff's motion without prejudice as premature.

Plaintiff objects to the recommendation denying remand, arguing that defendants International Union and International Pension never properly consented to the Notice of Removal. Plaintiff also asks the Court to reconsider the decision that denied his motion to compel and related relief.

## II. STANDARD

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders of issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify

2

or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Thus, upon review of Plaintiff's Motion for Reconsideration of the Magistrate Judge's Order denying his Motion to Compel, and consistent with 28 U.S.C. § 636(b)(1)(A), this Court shall set aside any part of the Order found to be clearly erroneous or contrary to law. *See Porter v. City of Columbus*, No. C2-06-1055, 2008 WL 202891, at *2 (S.D. Ohio Jan. 22, 2008).

When objections are received to a report and recommendation on a dispositive matter, such as the Amended Motion to Remand here, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1)(C). *See Holdren v. Holdren*, No. 2:12-CV-428, 2013 WL 1282034, at *2 (S.D. Ohio Mar. 27, 2013).

The Court also notes that a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652(1972); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance,* 74 F.Supp.2d 740, 749 (S.D.Ohio 1998) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. DISCUSSION

**A. Removal**

Here, Plaintiff does not challenge the Magistrate Judge's determination that Plaintiff's claims are completely pre-empted by federal law. Rather, he asserts that this litigation must be remanded due to a procedural defect in the removal process. That is, according to Plaintiff, the "indubitable fact is that defendants international & pension never endorsed defendant[] union['s] notice of removal, never separately or jointly filed any removal pleadings and never filed any affidavits of formal consent to any removal." (Obj. at 6; ECF No. 41.)

But Local #57's Notice of Removal attested to obtaining the consent of the International Pension Fund through its counsel Julia Penny Clark and the consent of the International Union through its counsel Jeffrey Freund. (Not. Rem. ¶ 5; ECF No. 1.) And in the Sixth Circuit, an attorney may sign the Notice of Removal and certify that the remaining defendants consented to the removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (holding that unanimity requirement satisfied where defendants' notice of removal stated that they had obtained concurrence from the counsel of a defendant who did not sign the notice); *see also Cadez v. Residential Credit Solutions, Inc.*, No. 13-10772, 2013 WL 2238486, at *3 (E.D. Mich. 2013) ("A co-defendant that consents to removal is also not required to submit a pleading, written motion, or other paper directly expressing that concurrence. The rule of unanimity was satisfied when Saxon stated in the notice of removal that Residential consented.") (internal quotation marks omitted).

Ruff also argues that Julia Penny Clark and Jeffrey Freund were not yet admitted *pro hac vice* when they consented on behalf of their client, and thus these attorneys "had no legal standing to consent to the June 19, 2014 removal." (Obj. at 5.) The Court disagrees that

admission was required before counsel informed Local #57 that their clients consented, and Plaintiff presents no authority indicating otherwise. *See Liberty Natural Products, Inc. v. Hoffman*, No. 03:11-CV-00264-HU, 2011 WL 4625703, at *3 (D. Or. Sept. 2, 2011) ("The Ninth Circuit thus does not require a corporate defendant to make a formal appearance through counsel to consent to removal."); *Baiul v. William Morris Agency, LLC*, No. 13 CIV. 8683 KBF, 2014 WL 465708, at *3 (S.D.N.Y. Feb. 3, 2014) (holding it "of no moment" that attorneys who consented on defendant's behalf entered their appearance after the other defendant filed consent to removal); *cf. Wright v. Sand Canyon Corp.*, No. 5:10CV2188, 2011 WL 1792815, at *2 (N.D. Ohio May 11, 2011) ("find[ing] absolutely no merit" in argument that Notice of Removal was filed in violation of Rule 11 where attorney who signed notice had not yet filed a notice of appearance). Nothing in the record indicates that Clark and Freund were not the co-defendants' attorneys. And, the co-defendants subsequently filed a notice "confirm[ing] that the consent previously provided by their counsel . . . was valid." (ECF No. 26.) The Court thus concludes that Defendants properly removed the case. *See City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008) ("[A] party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court. The individual co-defendants are not required to do anything (other than to indicate their consent verbally to the removing defendant's lawyer.)").

**B. Motion to Compel**

Plaintiff also moves this Court for reconsideration of the Magistrate Judge's August 26, 2014 decision on the grounds that "Plaintiff is simply requesting that these defendants be required to produce writings [that] have been improperly withheld as a result of a prior request for documents and; which [he is] legally entitled to prior to the initiation of this action." (Mot. at

5; ECF No. 37.) Plaintiff asks this Court to enforce an alleged request for the documents, which he says he made in September 2013—eight months before he filed this lawsuit in May 2014.

Plaintiff shows no clear error or decision contrary to law. The Magistrate Judge denied without prejudice as premature Plaintiff's motion because the parties were previously ordered to refrain from conducting discovery pursuant to Federal Rule of Civil Procedure 26. Though Plaintiff believes he is "entitled" to certain documents because he requested them before initiating this lawsuit, he provides no authority showing why he is entitled to these documents. Further, he cites no authority—and the Court knows of none—for the proposition that the Court should order compliance with a pre-lawsuit document request after it has explicitly ordered the parties to refrain from discovery.

The Court notes that the Magistrate Judge denied Plaintiff's motion without prejudice. Thus, Plaintiff may renew his motion should Defendants not satisfactorily produce the documents he seeks once discovery commences. The Court will take into consideration Plaintiff's arguments as they pertain to the pending motion to dismiss when that motion is resolved.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Objections (ECF No. 41) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 39) and **DENIES** Plaintiff's Amended Motion to Remand (ECF No. 24). Plaintiff's Motion to Remand (ECF No. 9) is **DENIED AS MOOT**. Plaintiff's Motion for Reconsideration and Clarification of the Magistrate Judge's Order denying Plaintiff's Motion to Compel (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

\_\_\_1-15-2015\_\_\_       _____
**DATE**                              **EDMUND A. SARGUS, JR.**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**