UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G. THOMAS RUFF,

    Plaintiff,

v.

BAKERY, CONFECTIONERY,
TOBACCO WORKERS & GRAIN
MILLERS & INDUSTRY
INTERNATIONAL, et al.,

    Defendants.

Case No. 2:14-cv-593
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion for Judgment on the Pleadings [ECF No. 53] filed by Defendant Bakers Union Local #57 ("Bakers"). Also before the Court is Plaintiff G. Thomas Ruff's ("Plaintiff") Motion for Leave to File a Surreply ("Motion for Leave") [ECF No. 58], Plaintiff's three most recent motions for default judgment [ECF Nos. 63, 64, 65], and Plaintiff's Motion for Order to Deny Defendants' Memoranda in Opposition ("Motion to Deny") [ECF No. 75]. For the following reasons, Bakers' Motion for Judgment on the Pleadings [ECF No. 53] is **GRANTED** and Plaintiff's Motion for Leave [ECF No. 58], motions for default judgment [ECF No. 63, 64, 65], and Motion to Deny [ECF No. 75] are **DENIED**.

### I.

Plaintiff worked as an employee of the Columbus Bakery until September 30, 2004, when he was laid off. (Compl. ¶¶ 8, 18 [ECF No. 2]; Severance Worksheet [ECF No. 2-2].) During this time, he was a member of Bakers. (Compl. ¶ 9.) Under a 2004 collective bargaining agreement ("2004 CBA"), Plaintiff was entitled to a severance payment, which he could collect at the time of severance or defer for twelve months to leave open the possibility that he would be

recalled to work should an opening become available. (*Id.* ¶ 10; 2004 CBA at 18 [ECF No. 29-2].) Plaintiff chose the deferment option, but he was never recalled to an open or applicable replacement position. (Compl. ¶ 22; Severance Worksheet.)

On May 27, 2014, Plaintiff brought this suit against three named defendants: (1) the Bakery, Confectionery, Tobacco Workers & Grain Millers International Union ("International"); (2) the Bakery and Confectionery Union & Industry International Pension Fund ("Pension Fund"); and (3) Bakers. (Compl. at 1.)[1] In its February 11, 2015 Opinion and Order [ECF No. 51], the Court dismissed Plaintiff's claims against Defendants International and Pension Fund. Bakers is the only remaining named defendant in this case.

Plaintiff alleges that Bakers breached a duty of fair representation, (*see* Compl. ¶ 30 ("Defendants had a fiduciary relationship with plaintiff based on trust and confidence . . . such defendants owed to plaintiff a fiduciary duty to perform collective bargaining duties in good faith.")), violated the 2004 CBA, (*see id.* ¶¶ 20–21 (alleging that Defendants knew that the Columbus Bakery "was knowing[ly] scheduling and mandating overtime" and had failed to "inform[] plaintiff of open and/or available jobs and/or positions in the work force" in violation of a contractual duty to do so)), and placed erroneous documents, including a "retiring (withdrawal) card," in Plaintiff's records, which allegedly caused Pension Fund to deny Plaintiff's pension application, (*see id.* ¶¶ 26, 45). Plaintiff contends that Bakers conspired with the other Defendants to commit these harmful acts. (*See id.* ¶¶ 6, 26, 35, 43.)

Bakers moved for judgment on the pleadings on March 18, 2015. Plaintiff responded to the motion, and Bakers submitted a reply brief. (*See* Resp. in Opp'n to Mot. for J. on the Pleadings [ECF No. 55]; Reply in Supp. of Mot. for J. on the Pleadings [ECF No. 56].) Alleging

---

[1] Plaintiff also listed "John & Jane Doe(s) et al" as defendants. (Compl. at 1.) These unnamed individuals allegedly "participated as co-conspirators with the [named] defendants" in the harmful acts underlying the Complaint. (*Id.* ¶ 5.)

2

that Bakers' reply brief contained new subject matter, Plaintiff moved for leave to file a surreply [ECF No. 58]. The parties then briefed Plaintiff's Motion for Leave. (*See* Resp. in Opp'n to Mot. for Leave [ECF No. 59]; Reply in Supp. of Mot. for Leave [ECF No. 60].)

Plaintiff filed his three most recent motions for default judgment on November 9, 2015.[2] Plaintiff moves for default judgment against Pension Fund [ECF No. 63], Bakers [ECF No. 64], and International [ECF No. 65].[3] Defendants International and Pension Fund each filed a brief memorandum in opposition [ECF Nos. 72, 73] to Plaintiff's motions. Instead of filing a reply, Plaintiff responded to Defendants' memoranda by filing a Motion to Deny [ECF No. 75]. In that motion, Plaintiff requests that the Court deny the memoranda in opposition filed by International and Pension Fund. Plaintiff insists that he is entitled to an entry of default and a grant of default judgment because "[c]ounsels Watson & Snyder [failed] to consent to or otherwise join defendant[] Bakers' removal petition." (Mot. to Deny at 3.)[4]

## II.

### A.  Pro Se Litigants

Plaintiff represents himself in this proceeding. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A court should make a reasonable attempt to read the pleadings of a pro se litigant to

---

[2] Plaintiff has already moved for default judgment against Defendants twice in this litigation [ECF Nos. 18, 19, 20, 46, 48, 50]. The Court denied each of those motions. (*See* July 8, 2014 Order at 1 [ECF No. 22]; Feb. 11, 2015 Op. & Order at 1 [ECF No. 51].)
[3] In conjunction with his motions for default judgment, Plaintiff also submitted applications to the Clerk for an entry of default against Pension Fund [ECF No. 66], Bakers [ECF No. 67], and International [ECF No. 68].
[4] In his Motion to Deny, Plaintiff also requests that the Court deny International and Pension Fund's memorandum in opposition [ECF No. 71] to Plaintiff's November 9, 2015 Objection [ECF No. 62] to the Court's October 19, 2015 Opinion and Order. The Court, however, declines to resolve these issues here. The Court will address Plaintiff's November 9 Objection, and the parties' related filings, in a separate opinion.

state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**B.     Motions for Judgment on the Pleadings**

A court reviews a motion for judgment on the pleadings, brought under Federal Rule of Civil Procedure 12(c), in the same manner as a court would review a motion brought under Federal Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).

Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Generally, an action will be dismissed under this standard where "there is no law to support the claims made." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-0299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). The same holds where "the facts alleged are insufficient to state a claim." *Id.* Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

A court may grant judgment on the pleadings on a statute of limitations defense only where it is apparent from the face of the complaint that the action was not brought within the statutory period. *See Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994).

### III.

**A. Bakers' Motion for Judgment on the Pleadings**

*1. Bakers' Statute of Limitations Defense*

The Court will first consider Bakers' Motion for Judgment on the Pleadings. According to Bakers, Plaintiff's claims fail because they are brought outside of the applicable statute of limitations—section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). (*See* Mot. for J. on the Pleadings at 2–4 [ECF No. 53].) Section 10(b) provides for a six month statute of limitations. Because Plaintiff's claims accrued a decade ago—when Bakers purportedly breached the 2004 CBA and allegedly failed to represent Plaintiff in good faith—Plaintiff's claims are time barred. (*See* Reply in Supp. of Mot. for J. on the Pleadings at 1 [ECF No. 56].)

Plaintiff counters with two arguments. Plaintiff first contends that the section 10(b) statute of limitations does not apply to his claims. Section 10(b) allegedly applies only to "grievance or arbitration proceeding[s]." (Resp. in Opp'n to Mot. for J. on the Pleadings at 3 [ECF No. 55].) Plaintiff does not propose an alternative statute of limitations that might apply in lieu of section 10(b). Plaintiff next insists that even if section 10(b)'s statute of limitations applies, the limitations period does not bar his claims. The discovery rule saves his claims because he only "discovered the allegations contained in [the] complaint on or about August 20, 2013 as the sole result of defendants' [denial of his pension benefits]." (*Id.* at 5.)[5]

---

[5] Plaintiff also states that only on December 18, 2013 did he learn "that he could exercise his rights to contest [the pension denial] by bringing a civil action under Section 502(a) of the Employee Retirement

5

Unlike the arguments found in Plaintiff's response memorandum, the Complaint does not identify a specific date on which Plaintiff discovered the allegations underlying his claims. Instead, the Complaint states that the last wrongful act taken by Defendants "occurred at some time unknown to the plaintiff, and continues to the present." (Compl. ¶ 26 [ECF No. 2]; *see also id.* ¶¶ 33, 45.)

The Court agrees with Bakers: section 10(b) of the NLRA bars Plaintiff's claims. "[T]he six-month limitations period of § 10(b) of the NLRA applies to all unfair representation claims, regardless of the nature or presence of a concomitant [Labor Management Relations Act (LMRA)] § 301 claim. The limitations period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *EEOC v. Int'l Bhd. of Elec. Workers Local Union 998*, 343 F. Supp. 2d 655, 660 (N.D. Ohio 2004) (citing *Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985)); *see also Dunleavy v. Local 1617, United Steelworkers of Am.*, 814 F.2d 1087, 1089 (6th Cir. 1987) ("The court in *Adkins*, 748 F.2d at 334–35, stated that the same factors that influenced the [Supreme Court's choice in *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158–63 (1983),] in using the six-month period in [hybrid Section 301/unfair representation cases are] relevant to all unfair representation claims . . . .").

---

Income Security Act of 1974 [ERISA]." (Resp. in Opp'n to Mot. for J. on the Pleadings at 5.) Plaintiff seemingly introduces this argument to suggest that his claims are not barred by section 10(b)'s six-month statute of limitations. But how the discovery of a potential ERISA cause of action relates to Plaintiff's claims for unfair representation and breach of the 2004 CBA is unclear. Moreover, even if Plaintiff did only learn of his legal rights on December 18, 2013, that allegation is insufficient to invoke the discovery rule. The discovery rule tolls the running of a statute of limitations until the claimant discovers the *facts* underlying the alleged violation. *See Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985). A claimant cannot invoke the discovery rule based on his delay in discovering the underlying *law*. (*See* Resp. in Opp'n to Mot. for J. on the Pleadings at 4 (admitting that "[i]gnorance of the law does not toll the statute of limitations").)

Plaintiff alleges that Bakers violated the 2004 CBA and breached its duty of fair representation. (*See, e.g.*, Compl. ¶¶ 20–21, 30.) Given that Plaintiff alleges unfair representation, section 10(b)'s six-month limitations period governs Plaintiff's claims.[6]

Plaintiff filed his Complaint on May 27, 2014. (*See id.* at 1.) The facts underlying Plaintiff's Complaint occurred in 2004 and 2005—nearly a decade earlier. (*See id.* ¶¶ 10–14.) Plaintiff, however, invokes the discovery rule as a refuge from section 10(b)'s six-month statute of limitations. In his response to Bakers' Motion for Judgment on the Pleadings, Plaintiff insists that he only learned of the facts alleged in his Complaint on or about August 20, 2013.

Plaintiff's argument is not well taken. The discovery rule cannot save Plaintiff's claims. Even assuming that Plaintiff only discovered the facts underlying his claims on August 20, 2013, Plaintiff's claims would still be barred. Plaintiff filed his Complaint in late May 2014, more than nine months after discovering Bakers' alleged unfair representation and breach of the 2004 CBA.

Plaintiff's argument regarding continuing violations also fails to toll the statute of limitations. (*See* Compl. ¶¶ 26, 33, 45.) Where unfair practices are continuing in nature, the limitations period will extend beyond section 10(b)'s six-month timeframe. *See Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994). Plaintiff, however, has offered no factual allegations to support his assertion that Defendants are engaged in continuing unfair practices. The Court thus disregards this naked assertion. *See Iqbal*, 556 U.S. at 678.

2. *Plaintiff's Motion for Leave*

The Court next considers Plaintiff's Motion for Leave to file a Surreply [ECF No. 58]. No party may file memoranda beyond a reply brief "except upon leave of court for good cause

---

[6] Section 10(b)'s statute of limitations governs all of Plaintiff's claims (to the extent that they represent independent claims), including Plaintiff's conspiracy claim and his claim regarding the addition of erroneous documents to his record. *See Int'l Bhd. of Elec. Workers*, 343 F. Supp. 2d at 658–60 ("This duty of fair representation preempts and displaces analogous state law when an employee alleges that a union has discriminated against her while acting as her representative.").

shown." S.D. Ohio Civ. R. 7.2(a)(2).

Plaintiff's Motion for Leave and proposed surreply repeat many of the same arguments that Plaintiff made in his initial response. Plaintiff, however, alters one of his arguments. Plaintiff contends that Bakers' conduct "did not constitute an actable breach until December, 2013 when plaintiff first acquired factual knowledge of the deferment agreement displacement." (Proposed Surreply at PAGEID 636 [ECF No. 58].) This assertion contradicts Plaintiff's prior position: that Plaintiff discovered the factual allegations underlying his claims in August 2013 and that Plaintiff learned that he could potentially bring a cause of action under ERISA in December 2013. (Resp. in Opp'n to Mot. for J. on the Pleadings at 5 [ECF No. 55].) Plaintiff has offered no explanation for the discrepancy between his original position and his new position.

As this Court has previously explained, "a reply brief is not the proper place to raise an issue for the first time." *United Tel. Co. of Ohio v. Ameritech Servs., Inc.*, No. 2:10-cv-249, 2011 WL 53462, at *3 n.2 (S.D. Ohio Jan. 7, 2011); *cf. Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986) ("Plaintiff's argument on this issue was raised for the first time in his reply brief. Accordingly, it will not be considered on appeal."). "An issue raised for the first time in a reply brief has not been fully briefed, and thus, is not appropriate for decision." *Baker v. Union Twp., Ohio*, No. 1:12-cv-112, 2013 WL 4502736, at *13 (S.D. Ohio Aug. 22, 2013). Accordingly, the Court denies Plaintiff's Motion for Leave and declines to address Plaintiff's new, contradictory contention that he only learned of the facts underlying his Complaint in December 2013. *See Tonguette v. Sun Life & Health Ins. Co. (U.S.)*, No. 2:12-cv-00006, 2013 WL 1818620, at *4 (S.D. Ohio Apr. 29, 2013) (collecting cases that refused to consider arguments raised for the first time in a reply memorandum).

In sum, Plaintiff's claims are time barred, and the Court grants Bakers' Motion for Judgment on the Pleadings.

**B.     Plaintiff's Motions for Default Judgment and Motion to Deny**

Lastly, the Court considers Plaintiff's motions for default judgment [ECF Nos. 63, 64, 65] and Motion to Deny [ECF No. 75]. The motions for default judgment directed at Pension Fund [ECF No. 63] and International [ECF No. 65] are denied; neither of these entities is still a party to this lawsuit. The Court dismissed Plaintiff's claims against International and Pension Fund in February 2015—months before Plaintiff filed his latest motions for default judgment. (*See* Feb. 11, 2015 Op. & Order at 1 [ECF No. 51]; Nov. 9, 2015 Mots. for Default J. [ECF Nos. 63, 65].) Plaintiff's newest argument—that an entry of default and an award or default judgment are warranted because two of International and Pension Fund's attorneys "[failed] to consent to or otherwise join [the] removal petition"—does not change this analysis. (*See* Mot. to Deny at 3.) The rule of unanimity mandates that "all *defendants* . . . join in or consent to the removal of [an] action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). The rule does not require that all attorneys involved in an action join in or consent to the removal.

The Court also denies the motion directed at Bakers. The Clerk may only enter default against a party if that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Bakers has not failed to plead or otherwise defend. Bakers properly removed this action, (*see* Jan. 15, 2015 Op. & Order at 4–5 [ECF No. 43]), timely answered Plaintiff's Complaint, (*see* Answer [ECF No. 23]), and then moved (successfully) for judgment on the pleadings, (*see* Mot. for J. on the Pleadings [ECF No. 53]). Plaintiff cannot obtain an entry of default against Bakers. Nor can he obtain a default judgment. *See Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir.

9

2009) (explaining that a party seeking default judgment must first satisfy Rule 55(a)'s requirements for attaining an entry of default).

### IV.

For the foregoing reasons, Bakers' Motion for Judgment on the Pleadings [ECF No. 53] is **GRANTED** and Plaintiff's Motion for Leave [ECF No. 58], motions for default judgment [ECF No. 63, 64, 65], and Motion to Deny [ECF No. 75] are **DENIED**.

**IT IS SO ORDERED.**

12-22-2015
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**